NORTH CAROLINA

WAKE COUNTY

IN THE GENERAL COURT OF JUSTICE
FILED SUPERIOR COURT DIVISION
22 CVS

DANIEL TAYLOR JOHNSON,
      Plaintiff

      v.

NORTH CAROLINA STATE UNIVERSITY
      Defendant

2022 AUG 22 P 1: 06

WAKE CO., C.S.C.

BY

)
)
)
)
)
)
)
)

COMPLAINT
(COMP)

(JURY TRIAL DEMANDED)

NOW COMES the Plaintiff and as his Complaint against the Defendant, alleges the following:

1.     The Plaintiff is a citizen and resident of Wake County, North Carolina.

2.     The Defendant North Carolina State University ("NCSU") is a body politic and corporate institution within the State of North Carolina that is organized under the Board of Governors of the University of North Carolina, is a state-supported institution of higher education, and is a constituent institution of the University of North Carolina within the meaning of Chapter 116 of the North General States. As such, NCSU is a State institution that is empowered to sue and be sued. NCSU is located in Wake County, North Carolina.

3.     In the fall of 2019, the Plaintiff was enrolled as a student at North Carolina State University.

4.     On or about August 22, 2019, the Plaintiff was lawfully at the DH Hill library at North Carolina State University.

5.     The Plaintiff went to the library to charge his vape and was sitting outside the library.

Exhibit 3

6.      On this date, the Plaintiff was accosted by several agents and employees of North Carolina State University, including but not limited to SO Peterson, Officer Hartis, and Dana Roberts.

7.      Upon information and belief, these agents and employees of the Defendant were employed by the NCSU Police Department, and were acting in the course and scope of their duties with the Defendant at the times referenced in this Complaint.

8.      These persons allowed the Plaintiff to retrieve his laptop and book bag from the library.

9.      On August 23, 2019, the Defendant, through its agent and employee Jonathan Carroll, of the NCSU police, filed a Petition against the Plaintiff to determine the necessity for involuntary commitment.

10.      In connection with said petition, the Defendant reported that the Plaintiff told a student in the NCSU library that the Plaintiff was going to kill her.

11.      The Plaintiff did not in fact tell another student that he was going to kill her.

12.      Pursuant to and as a result of said petition, an Order was entered on August 23, 2022, directing law enforcement to take the Plaintiff into custody.

13.      On August 23, 2022, the Plaintiff was taken into custody by Detective Carroll, employed by the NCSU Police Department.

14.      As a result of said involuntary commitment, the Plaintiff was detained and remained at UNC Health Care – Wakebrook Inpatient Unit until September 27, 2019.

15.      The Plaintiff was thereby deprived of his liberty from August 23, 2019 to September 27, 2019.

Exhibit 3

3

16.     As a result of said deprivation of liberty, the Plaintiff was not able to attend his classes and missed the entire Fall 2019 semester at NCSU.

17.     The Plaintiff's education was thereby impaired by the conduct of the Defendant as described herein.

18.     The Plaintiff lost the tuition and other fees he paid for the Fall 2019 semester.

19.     The Defendant instituted and continued a civil proceeding against the Plaintiff without probable cause.

20.     The Defendant instituted and continued the proceeding against the Plaintiff with malice.

21.     The civil proceeding ended in the Plaintiff's release from confinement, and thus was terminated in the Plaintiff's favor.

22.     NCSU is liable for the actions of its officers for malicious prosecution of the Plaintiff. Beatenhead v. Lincoln County, 2003 N.C. App. LEXIS 2011.

23.     NCSU does not have sovereign immunity for the intentional tort of malicious prosecution. Richmond v. City of Asheville, 2015 N.C. App. LEXIS 551 ("malicious prosecution claims, like all intentional torts, are not barred by the defense of governmental immunity").

24.     The conduct of the Defendants infringed on the Plaintiff's life, liberty, or property interest protected by the Fourteenth Amendment.

25.     The conduct of the Defendants infringed on the Plaintiff's rights under Section 19 of the North Carolina State Constitution, pertaining to the law of the land and the equal protection of the laws.

Exhibit 3

4

26.    The conduct of the Defendants infringed on the Plaintiff's rights under Section 36 of the North Carolina State Constitution, pertaining to the law of the land and the equal protection of the laws.

27.    The actions the Defendant's agents as described herein were done pursuant to official policy.

28.    The actions the Defendant's agents as described herein were done pursuant to the Defendants' custom and usage.

29.    The actions the Defendant's agents as described herein were the result of inadequate training.

30.    The actions of the Defendant as described herein constitute malicious prosecution.

31.    The actions of the Defendants as described herein violated the Plaintiff's rights under the United States Constitution, and as such the Plaintiff asserts a claim pursuant to 42 U.S.C. § 1983.

32.    The actions of the Defendants as described herein violated the Plaintiff's rights under the North Carolina Constitution, and as such the Plaintiff asserts a claim for a violation of these rights. Corum v. University of North Carolina, 330 N.C. 761, 413 S.E.2d 276 (1992).

Exhibit 3

WHEREFORE, Plaintiff prays:

1.     That it recover Judgment against Defendant in an amount in excess of $25,000;

2.     That all claims so triable be tried by a jury;

5.     That the costs be taxed to Defendant; and

7.     For any further relief as the Court deems just and proper.

This the 22nd day of August, 2022.

Daniel Johnson
5540 Centerview Dr
Raleigh, NC 27606
Tel. 919-637-0116