UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-384-D-RJ

| | |
|---|---|
| DANIEL TAYLOR JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>NORTH CAROLINA STATE UNIVERSITY,<br><br>Defendant. | **DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS** |

## Introduction

When Plaintiff Daniel Johnson was a student at North Carolina State University ("NC State"), he allegedly threatened to kill another student. Subsequently, a detective with the NC State Police Department filed a petition in Wake County District Court pursuant to N.C. Gen. Stat. § 122C-261 et seq. for the purpose of determining whether Johnson should be involuntarily committed. Johnson was, in fact, involuntarily committed.

Based on the filing of the petition and his involuntary commitment, Johnson now asserts a section 1983 due process claim, a

1

State constitution due process claim, and a malicious prosecution claim against NC State. All three claims fail as a matter of law.

First, sovereign immunity bars Johnson's section 1983 claim and malicious prosecution claim against NC State, an instrumentality of the State of North Carolina. Finally, Johnson's State constitutional claim fails for the additional reasons that he had an adequate state remedy and because it amounts to an improper collateral attack.

As a result, Johnson's Complaint should be dismissed in its entirety.

## Nature of the Case

On August 22, 2022, Johnson filed a lawsuit in Wake County Superior Court against NC State. Compl., ECF 1-3. The Complaint does not clearly list causes of action. *See* Compl. However, it appears that Johnson is attempting to assert three causes of action: (1) a section 1983 due process claim; (2) a State constitution due process claim; and (3) a malicious prosecution claim. Compl. ¶¶ 30-32.

NC State was served with the Complaint on August 24, 2022. NC State removed this case to federal court on September 23, 2022. ECF 1. NC State now moves to dismiss the Complaint.

## Statement of the Facts

During the relevant time period, Johnson was a student at NC State. Compl. ¶ 3. On August 22, 2019, while at D.H. Hill Jr. Library on NC State's campus, he allegedly told another student that he would kill her. Compl. ¶ 10. In response, officers with the NC State Police Department ("UPD") allowed Johnson to remove his belongings from the library and escorted him away. Compl. ¶ 8. The next day, a petition was filed by Detective Jonathan Carroll of the UPD "to determine the necessity for involuntary commitment," and an order was entered for Johnson to be taken into custody and to be involuntarily committed. Compl. ¶¶ 9-10. Johnson received inpatient care from August 23 to September 27, 2019. Compl. ¶ 13-14. During this time, Johnson was unable to attend classes. Compl. ¶ 16.

Due to his involuntary commitment, Johnson claims that NC State violated his State and Federal constitutional rights and maliciously prosecuted him.

# Argument

## Legal Standard for Dismissal

Johnson's section 1983 and malicious prosecution claims are barred by sovereign immunity, and, thus, NC State moves to dismiss those claims under Rules 12(b)(1), 12(b)(2), and 12(b)(6).[1]

NC State also moves to dismiss Johnson's claims under Rule 12(b)(6) because, even if all factual inferences are drawn in his favor, Johnson has not pleaded sufficient factual content to allow this Court to reasonably infer that he has stated a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[1] As set forth in *Vaughn v. Transdev Servs.*, 179 F. Supp. 3d 559, 569 n.2 (E.D.N.C. 2016),

> "[T]he federal courts have tended to minimize the importance of the designation of a sovereign immunity defense as either a Rule 12(b)(1) motion regarding subject matter jurisdiction or a Rule 12(b)(2) motion regarding jurisdiction over the person." *Id.* at 327-28. Indeed, *Iqbal* and *Davis* suggest that the defense may be addressed as a matter of sufficiency of the pleading, pursuant to Rule 12(b)(6). *See Iqbal*, 556 U.S. at 674; *Davis*, 770 F.3d at 282. Accordingly, the court simply considers the dismissal here as one grounded in sovereign immunity.

## I. Sovereign immunity bars Johnson's section 1983 and malicious prosecution claims.

Johnson's section 1983 and malicious prosecution claims fail because they are barred by sovereign immunity.

### A. Section 1983 Claim

> The doctrine of sovereign immunity protects the state from suit unless it has expressly consented. *Guthrie v. N.C. State Ports Author.*, 307 N.C. 522, 535 (1983). "It has long been established that an action cannot be maintained against the State of North Carolina or *an agency thereof*[2] unless it consents to be sued or upon its waiver of immunity, and that *this immunity is absolute and unqualified.*" *Id.* at 534

*Miller v. N.C. State Univ.*, No. 5:18-CV-523-FL, 2019 WL 3686592, at *2 (E.D.N.C. Aug. 6, 2019) (claims against NC State dismissed with prejudice on sovereign immunity grounds).[3]

---

[2] Section 116-3 of the general statutes creates the University of North Carolina System, which is composed of 17 constituent institutions—including NC State. N.C. Gen. Stat. § 116-4. These constituent institutions are instrumentalities or agencies of the State entitled to sovereign immunity. *See, e.g.*, *Bd. of Governors of Univ. of N.C. v. U.S. Dep't of Labor,* 917 F.2d 812, 816 (4th Cir. 1990); *Huang v. Bd. of Governors of Univ. of N.C.*, 902 F.2d 1134, 1139 n.6 (4th Cir. 1990); *Holmes v. Univ. of N.C.*, No. 5:18-CV-150-D, 2019 WL 1968045, at *4 (E.D.N.C. May 2, 2019).

[3] Removal to this Court does not amount to a waiver of immunity. *See Stewart v. North Carolina*, 393 F.3d 484, 490 (4th Cir. 2005) ("North Carolina, having not already consented to suit in its own courts, did not waive sovereign immunity by voluntarily removing the action to federal court for resolution of the immunity question.").

> A State may waive its sovereign immunity at its pleasure, *College Savings Bank* v. *Florida Prepaid Postsecondary Ed. Expense Bd.*, 527 U.S. 666, 675-676, 119 S. Ct. 2219, 144 L. Ed. 2d 605 (1999), and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State.

*Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253-54 (2011). However, "Congress has not imposed § 1983 liability upon states, and 'North Carolina has done nothing to waive its immunity.'" *Leonard v. N.C. Dep't of Correction*, No. 5:10-CT-3082-FL, 2011 WL 2173635, at *2 (E.D.N.C. June 2, 2011) (quoting *Bright v. McClure*, 865 F.2d 623, 626 (4th Cir. 1989)). Thus, sovereign immunity prevents Johnson from asserting a section 1983 claim against NC State, and such claim should be dismissed.[4]

### B. Malicious Prosecution Claim

Malicious prosecution is an intentional tort. *See, e.g., Stanback v. Westchester Fire Ins. Co.*, 68 N.C. App. 107, 115, 314 S.E.2d 775, 779 (1984). While the State has agreed to a limited waiver of sovereign immunity that allows citizens to file negligence claims against the

---

[4] In addition, Johnson cannot assert a section 1983 claim against NC State because it is not considered "a person within the meaning of [section] 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989)).

State in the Industrial Commission, *see* N.C. Gen. Stat. § 143-291; *Wood v. N.C. State Univ.*, 147 N.C. App. 336, 343, 556 S.E.2d 38, 43 (2001), this waiver does not extend to intentional torts, *Longo v. Aspinwall*, No. 1:19-cv-58-MOC-WCM, 2019 U.S. Dist. LEXIS 118612, at *11 (W.D.N.C. July 16, 2019) ("sovereign immunity bars Plaintiff's claim[] of . . . malicious prosecution . . . against [Western Carolina University]."); *Kawai Am. Corp. v. Univ. of N.C.*, 152 N.C. App. 163, 167, 567 S.E.2d 215, 218 (2002).

## II. For additional reasons, Johnson has failed to state a claim under the North Carolina Constitution.

"To assert a direct constitutional claim . . . for violation of procedural due process rights, a plaintiff must allege that no adequate remedy exists to provide relief for the injury." *Copper v. Denlinger*, 363 N.C. 784, 788, 688 S.E.2d 426, 428 (2010) (citing *Corum v. Univ. of N.C.*, 330 N.C. 761, 782, 413 S.E.2d 276, 289 (1992) ("Therefore, in the absence of an adequate state remedy, one whose state constitutional rights have been abridged has a direct claim against the State under our Constitution.")). Johnson fails to make this allegation, and such failure is fatal to his claim. *See, e.g.*, *Volume Servs., Inc. v. Ovations Food Servs., L.P.*, No. 18 CVS 194, 2018 WL 5094388, at *23 (N.C. Super. Oct. 17, 2018) ("A complaint's failure to allege that no adequate

7

Case 5:22-cv-00384-D-RJ   Document 10   Filed 09/30/22   Page 7 of 13

state remedy exists is grounds for dismissal of a plaintiff's constitutional claims at the Rule 12(b)(6) stage." (citing *Frank*, 205 N.C. App. at 191, 695 S.E.2d at 514 (affirming dismissal of constitutional claims pursuant to Rule 12(b)(6) where the complaint failed to allege that no adequate state remedy exists))).

More important than Johnson's failure to allege a lack of adequate state remedy, however, is the fact that Johnson did indeed have an adequate state remedy – the right to appeal his involuntary commitment. An adequate state remedy exists when a plaintiff has the "opportunity to enter the courthouse doors and present his claim," so that he has the "possibility of relief under the circumstances." *Craig ex rel. Craig v. New Hanover County Bd. of Educ.*, 363 N.C. 334, 340, 678 S.E.2d 351, 355 (2009). The involuntary commitment statute includes procedural safeguards to ensure that individuals are provided with due process. *Gregory v. Kilbride*, 150 N.C. App. 601, 610, 565 S.E.2d 685, 692 (2002). If an individual does not believe he was provided with adequate process, then he can request a supplemental hearing under N.C. Gen. Stat. § 122C-274(e), which allows the trial court to "reissue or change the commitment order or discharge the respondent and dismiss the case," or to appeal his involuntary commitment under N.C. Gen. Stat. § 122C-272; the appellate court has the power to vacate

8

the commitment order, *see, e.g.*, *Matter of M.L.*, No. COA18-5, 2018 WL 4997493 at *4 (N.C. Ct. App. Oct. 16, 2018). Moreover, even when a respondent's commitment period has expired, an appeal is not moot. *See In re Derrick Woodard*, 249 N.C. App. 64, 66 n.1, 791 S.E.2d 109, 112 (2016). Johnson had the opportunity to argue in court that his commitment should have been discharged, dismissed, or vacated. *See Matter of M.L.*, 2018 WL 4997493 at *4. Thus, as explicitly set forth in statute, Johnson had an adequate state remedy.[5]

Finally, Johnson's direct constitutional claim is an impermissible collateral attack on the involuntary commitment order.

> A collateral attack is one in which a party is not entitled to the relief requested "'unless the judgment in another action is adjudicated invalid.'" *Clayton v. N.C. State Bar,* 168 N.C. App. 717, 719, 608 S.E.2d 821, 822 (quoting *Thrasher v. Thrasher,* 4 N.C. App. 534, 540, 167 S.E.2d 549, 553 (1969)), *cert. denied,* 359 N.C. 629, 615 S.E.2d 867 (2005). "A collateral attack on a judicial proceeding is 'an attempt to avoid, defeat, or evade it, or deny its force and effect, in some incidental proceeding not provided by law for the express purpose of attacking it.'" *Reg'l Acceptance Corp. v.*

---

[5] Johnson's failure to pursue this remedy provides another basis for the dismissal of his Fourteenth Amendment due process claim as well. *See Doe v. Bd. of Governors*, No. 1:18CV726, 2019 U.S. Dist. LEXIS 170405, at *20 (M.D.N.C. Sep. 30, 2019) ("'[T]o state a claim for failure to provide [procedural] due process, a plaintiff must have taken advantage of the processes that are available to him' unless those processes are 'patently inadequate.'") (*quoting Manion v. N.C. Med. Bd.*, 693 F. App'x 178, 181 (4th Cir. 2017)).

> *Old Republic Sur. Co.,* 156 N.C. App. 680, 682, 577 S.E.2d
> 391, 392 (2003) (quoting *Hearon v. Hearon,* 44 N.C. App.
> 361, 362, 261 S.E.2d 9, 10 (1979)). Collateral attacks
> generally are not permitted under North Carolina
> law. *Pinewood Homes, Inc. v. Harris,* 184 N.C. App. 597,
> 601, 646 S.E.2d 826, 830 (2007).

*In re Webber*, 201 N.C. App. 212, 219, 689 S.E.2d 468, 474 (2009).

In *In re Webber*, the North Carolina Court of Appeals held that the respondent's attempts to invalidate an involuntary commitment order by asserting that the trial court exceeded its jurisdiction in an initial prior order was a collateral attack, noting that the respondent was required to appeal the order pursuant to N.C. Gen. Stat. § 122C-272 or to request a supplemental hearing under N.C. Gen. Stat. § 122C-274(e). *Id.* Similarly, Johnson cannot bring this action alleging a deprivation of his constitutional rights when he did not pursue the invalidation of the commitment order as set forth in statute.

For these reasons, Johnson's State constitutional claim should be dismissed.

## Conclusion

For the foregoing reasons, Johnson's Complaint should be dismissed with prejudice.

This 30th day of September, 2022.

                                                UNIVERSITY OF NORTH CAROLINA

/s/ Anne Phillips Martin
Anne Phillips Martin
Assistant General Counsel
NC State Bar No. 48760
ahphillips@northcarolina.edu

Post Office Box 2688
Chapel Hill, North Carolina 27515-2688
Tel: 919-962-0533

*Attorney for Defendant*


JOSHUA H. STEIN
Attorney General

/s/ Kenzie M. Rakes
Kenzie M. Rakes
Assistant Attorney General
NC State Bar No. 46349
krakes@ncdoj.gov

North Carolina Department of Justice
PO Box 629
Raleigh, NC 27602
Tel: 919-716-6920
Fax: 919-716-6764

*Attorney for Defendant*

# CERTIFICATE OF WORD COUNT

I certify that, in compliance with Local Rule 7.2(f)(3)(A), this brief is no more than 8,400 words according to the word processing software used to prepare this document.

This 30th day of September, 2022.

/s/ Anne Phillips Martin
Anne Phillips Martin
*Attorney for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered CM/ECF users, and served upon Plaintiff by depositing the same into the US Mail, first class postage prepaid, addressed as follows:

Daniel Johnson
5540 Centerview Dr.
Raleigh NC 27606
*Pro-se Plaintiff*

This 30th day of September, 2022.

/s/ Anne Phillips Martin
Anne Phillips Martin
Assistant General Counsel
